People v Shemar D. (2026 NY Slip Op 00385)

People v Shemar D.

2026 NY Slip Op 00385

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
HELEN VOUTSINAS
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-01148
 (Ind. No. 72031/21)

[*1]The People of the State of New York, respondent,
vShemar D. (Anonymous), appellant.

Patricia Pazner, New York, NY (Sankeerth Saradhi of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered January 17, 2023, adjudicating him a youthful offender, upon his plea of guilty to attempted criminal possession of a weapon in the second degree, and convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the imposition of a mandatory surcharge and fees; as so modified, the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Morao, 238 AD3d 1175, 1175; People v Gutierrez, 237 AD3d 743, 743-744). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the minimum age requirement in Penal Law § 400.00(1)(a) for obtaining a pistol license is unconstitutional as applied to 18 to 20 year olds (see People v Johnson, ____ NY3d ____, ____, 2025 NY Slip Op 06528, *2), as well as his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256).
The defendant's contention that the United States Supreme Court's invalidation of the "proper cause" requirement to obtain a pistol license (see New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US 1, 70-71) rendered New York's entire firearm licensing scheme facially unconstitutional is not precluded by his valid waiver of the right to appeal (see People v Johnson, ____ NY3d at ____, 2025 NY Slip Op 06528, *2). However, this contention is without merit (see People v Johnson, ____ NY3d at ____, 2025 NY Slip Op 06528, *2-3).
Based on the People's consent, and pursuant to the exercise of our interest of justice jurisdiction, we modify the judgment by vacating the mandatory surcharge and fees imposed on the defendant at sentencing (see CPL 420.35[2-a][c]; People v Thompson, 225 AD3d 713; People v Cabrera, 222 AD3d 878, 879).
The defendant's remaining contention is without merit.
LASALLE, P.J., VOUTSINAS, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court