People v Hudgins (2026 NY Slip Op 01378)

People v Hudgins

2026 NY Slip Op 01378

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
JAMES P. MCCORMACK, JJ.

2023-07105

[*1]The People of the State of New York, respondent,
vBenjamin Hudgins, appellant. (S.C.I. No. 70231/21)

Patricia Pazner, New York, NY (Steven C. Kuza of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Lisa Grey, J.), rendered June 29, 2023, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255; People v Lawrence, 184 AD3d 587, 587).
The defendant's contention that the United States Supreme Court's invalidation of the "proper cause" requirement to obtain a pistol license (see New York State Rifle & Pistol Assn., Inc. v Bruen, 597 US 1, 70-71) rendered New York's entire firearm licensing scheme facially unconstitutional is not precluded by his valid waiver of the right to appeal (see People v Johnson, ____, NY3d ____, ____, 2025 NY Slip Op 06528, *2; People v Shemar D., ____ AD3d ____, 2026 NY Slip Op 00385). However, that contention is unpreserved for appellate review (see CPL 470.05[2]; People v Cabrera, 41 NY3d 35, 38-39; People v Munoz, 237 AD3d 1110, 1111), and we decline to reach it in the exercise of our interest of justice jurisdiction (see People v McLean, 244 AD3d 1248, 1249; People v Munoz, 237 AD3d at 1111).
CONNOLLY, J.P., CHAMBERS, FORD and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court